UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES R. JABLONSKI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV332 RLW |
| | ) | |
| JAMES HURLEY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of James R. Jablonski for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition is fully briefed and ready for disposition. Upon review of the Petition, the response to show cause order, and Petitioner's reply, the Court will dismiss the Petition for habeas relief.

## Background

On March 17, 2010, a jury in the Circuit Court of the City of St. Louis found Petitioner, James Jablonski, guilty of two counts of robbery in the first degree. (Legal File, Resp't's Ex. B pp. 41, 43) Thereafter, Petitioner filed a motion for acquittal or in the alternative for a new trial. (*Id.* at pp. 45-46) On April 23, 2010, the court sentenced Petitioner to 10 years' imprisonment on each count, the sentences to run concurrently. (*Id.* at pp. 47-50) Petitioner filed Notice of Appeal to the Missouri Court of Appeals for the Eastern District on May 3, 2010. On March 8, 2011, the court of appeals affirmed the trial court's judgment, finding that the state presented sufficient evidence from which a trier of fact could reasonably have found Petitioner guilty. (Order, Resp't's Ex. E) On February 21, 2012, Petitioner filed the present petition for habeas

relief in federal court. Petitioner is currently serving out his sentence at the Northeast Correctional Center located in Bowling Green, Missouri.

The Court sets forth the following facts as determined by the Missouri Court of Appeals:

On May 10, 2009, Petitioner drove to the Soulard area of St. Louis with Brian Horn to purchase heroin. The transaction fell through, but Horn told Petitioner that he did not come down for nothing and was going to get something. Petitioner denied having knowledge that Horn planned to rob two victims walking toward their car. The victims testified that Petitioner and Horn approached them together before Horn demanded their purses and displayed what the victims believed to be the barrel of a gun. Petitioner did not speak or display a weapon, and he began to walk away before Horn took the victims' purses. Nevertheless, Petitioner waited down the street for Horn, and the two men fled together on foot. Petitioner drove them away as Horn discarded some of the stolen items out of Petitioner's car window. Later, Petitioner made calls from one of the victims' cell phones and negotiated the sale of an iPod procured during the robbery. The jury found Petitioner guilty of first degree robbery based on an accomplice liability theory. (Resp't's Ex. E pp. 4-5)

## Petitioner's Claim

In his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, Petitioner raises one claim for federal habeas relief. He alleges that there was an insufficient evidence to support his first degree robbery convictions under accomplice liability based on the evidence and testimony presented at trial, resulting in a violation of his constitutional right to due process.

## Legal Standards

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. *Owens v. Dormire*, 198 F.3d 679, 681

(8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Owens*, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). In addition, 28 U.S.C. § 2254(d)(2) provides that a federal court may not grant the petition unless the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." "Thus, habeas relief can be available if the conviction at issue is based on findings of fact that could not reasonably be derived from the state court evidentiary record. However, factual findings by the state courts are presumed to be correct." *Barnes v. Hammer*, 765 F.3d 810, 814 (8th Cir. 2014) (citing 28 U.S.C. §§ 2254(d)(2) and (e)). The petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Gee v. Groose*, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

## IV. Discussion

The undersigned finds that the decision of the state court was based upon a reasonable determination of the facts in light of the evidence presented at Petitioner's trial. In reviewing a sufficiency of the evidence claim, federal scope of review is extremely limited. *Sera v. Norris*, 400 F.3d 538, 543 (8th Cir. 2005) (citation omitted). The relevant question is not whether this Court believes the trial evidence established guilt beyond a reasonable doubt but "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

3

could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *see also Cavazos v. Smith*, 132 S. Ct. 2, 3 (2011) ("it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial.").

Here, Petitioner raised his insufficient evidence claim on direct appeal, and after reviewing the record and the parties' briefs, the Missouri Court of Appeals concluded that sufficient evidence existed such that a reasonable juror could have found Petitioner guilty of first degree robbery under an accomplice liability theory. (Resp't's Ex. E pp. 4-5) Specifically, the court found:

> When examining the evidence in the light most favorable to the verdict, we find there was ample support in the record to sustain Appellant's convictions under an accomplice liability theory. Appellant testified he and Horn were in Soulard attempting to buy heroin. When the transaction fell through, Horn told Appellant, "I'm not coming down for nothing; I'm going to get something." Horn made this statement after they noticed the victims walking toward their car. Appellant denied having any knowledge Horn intended to commit a robbery at this point. However, "[t]he evidence need not establish a defendant's specific knowledge of which particular crime his co-participant will commit" to support an accomplice liability theory. State v. Whittemore, 276 S.W.3d 404, 407 (Mo. App. S.D. 2009).
>
> The victims testified Horn and Appellant approached them together, prior to Horn demanding their purses and displaying what they believed to be the barrel of a gun. It is undisputed Appellant did not speak or display a weapon, and he started to walk away from the victims before Horn took both of their purses. However, he waited down the street for Horn and both men then fled on foot together. Appellant drove them away from the scene, while Horn discarded some of the stolen items out of the window of Appellant's car. "[P]roof that the defendant knew the principal actor had robbed someone and that the defendant acted as a getaway driver is sufficient evidence of participation to support a finding of accomplice liability." Jones, 296 S.W.3d at 510. Moreover, Appellant was later found to have made calls on one of the victims' cell phones and was the admitted "middle man" who negotiated the sale of a stolen iPod, which he knew had been procured during the robbery. Possession of recently stolen property may create an inference of affirmative participation in the crime and tends to show a consciousness of guilt. State v. Smith, 229 S.W.3d 85, 93 (Mo. App. W.D. 2007).

4

> Based on the foregoing, we find the State presented sufficient evidence from which the trier of fact could have reasonably found Appellant guilty of both counts of robbery in the first degree based on acting in concert with Horn. Appellant's point is denied.

(Resp't's Ex. E pp. 4-5)

Petitioner argues that no evidence was presented at trial showing that he aided in the commission of first degree robbery under an accomplice liability theory. "A person is criminally responsible for the conduct of another when [e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense." Mo. Rev. Stat. § 562.041.1(2). Specifically, Petitioner asserts that all the evidence at trial connecting Petitioner to Horn's robbery pertained to actions after the commission of the crime. (Pet'r's Reply p. 1, ECF No. 14) He points to some conflicting evidence in the record inferring that the victims told a police officer that only Horn approached them and that the police concluded Horn, not Petitioner, made the call from a victim's phone. (Pet. p. 6.1, ECF No. 1) He also relies on his own testimony that he learned about the iPod days after the robbery when Horn asked Petitioner to help sell it for drug money. (*Id.*)

Despite the existence of conflicting evidence, the trier of fact resolved the conflicts, weighed the evidence, and drew reasonable inferences from the facts. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." *Id.* (emphasis in original). Petitioner does not contest that his accomplice Horn committed robbery. Further, acknowledges that he knew Horn was robbing the victims. One of the victims testified that both Petitioner and Horn stood up and came toward her as Horn said,

5

"give me your purse." (Transcript Resp't's Ex. A pp. 198-99)  Petitioner then walked toward the end of the street and waited for Horn.  (*Id.* at p. 199-200)  Additionally, the two men fled together with the stolen purses.  (*Id.*)  Finally, Petitioner acknowledges that the state presented evidenced that he drove Horn away after the robbery, made a call on the victim's cell phone, and helped to sell an iPod.  (Pet'r's Reply p. 1, ECF No. 14)

"Any evidence showing he affirmatively participated in aiding [Horn] to commit the crime of first-degree-robber is sufficient to support his own conviction of the crime." *State v. Smith,* 229 S.W.3d 85, 93 (Mo. Ct. App. 2007).  Here, as stated by the *Jablonski* court, "proof that the defendant knew the principal actor had robbed someone and that the defendant acted as a getaway driver is sufficient evidence of participation to support a finding of accomplice liability." *State v. Jones*, 296 S.W.3d 506, 510 (Mo. Ct. App. 2009).  Moreover, the Missouri Court of Appeals has held that "[c]ircumstantial evidence is sufficient to show affirmative participation, including "presence at the scene of the crime, flight therefrom, and association with others involved before, during, and after the commission of the crime.'" *Id.* (quoting *State v. Parsons,* 152 S.W.3d 898, 903 (Mo. Ct. App. 2005)).  An inference of affirmative participation "may also be drawn from the possession of recently stolen property . . . ." Parsons, 152 S.W.3d at 903).

In short, the Court finds that, in light of the evidence in the record, any rational trier of fact could have found beyond a reasonable doubt that Petitioner committed robbery in the first degree as an accomplice.  *Sera*, 400 F.3d at 543.  Petitioner has failed to present clear and convincing evidence sufficient to overcome the presumption of correctness given to state court findings of fact.  28 U.S.C. § 2254(e)(1).  Therefore, the Court finds that Petitioner's claim of insufficient evidence lacks merit and dismisses his Petition for a Writ of Habeas Corpus.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of James R. Jablonski for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** without further proceedings.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 2253, no certificate of appealability shall issue in this cause inasmuch as Petitioner has failed to make a substantial showing that he has been denied a constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this  26th  day of February, 2015.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**